Douglas E. Lumish (SBN 183863)
Gabriel S. Gross (SBN 254672)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
doug.lumish@weil.com
gabe.gross@weil.com

Joseph H. Lee (SBN 248046)
WEIL, GOTSHAL & MANGES LLP
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
Tel: (213) 667-5100
Fax: (213) 667-5111
joseph.lee@weil.com

Christopher W. Henry
(*pro hac vice* forthcoming)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, 34th Floor
Boston, Massachusetts 02110
Tel: (617) 772-8300
Fax: (617) 772-8333
chris.henry@weil.com

Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
600 Montgomery Street, 32nd Floor
San Francisco, CA 94111
Tel: (415) 470-5151
Fax: (415) 470-5155
vanessa.sim@weil.com

*Attorneys for Plaintiff Sandisk Corporation*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br><br>          Plaintiff,<br><br>v.<br><br>MONOLITHIC 3D INC.,<br><br>          Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sandisk Corporation ("Sandisk") brings this action for Declaratory Judgment of Non-Infringement against Defendant MonolithIC 3D Inc. ("MonolithIC") and alleges as follows:

## NATURE OF THE ACTION

1. This declaratory judgment action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Sandisk brings this action for a declaration that it does not infringe any claim of U.S. Patent Nos. 11,342,214; 11,610,802; 11,862,503; 11,804,396; 12,564,006; 12,225,737; 12,464,734; 11,476,181; 11,594,473; 11,621,240; 12,250,830; 12,362,330; and 12,400,961 (collectively, the "Asserted Patents").

3. Sandisk seeks a declaratory judgment that it has not infringed, induced others to infringe, or contributed to the infringement by others of the Asserted Patents, literally or under the Doctrine of Equivalents, and such other relief as the Court deems just and proper.

## PARTIES

4. Plaintiff Sandisk Corporation is a corporation organized and existing under the laws of Delaware, with its principal place of business at 951 Sandisk Drive, Milpitas, California 95035. Sandisk was originally organized in 1988. From 2016 until 2025, Sandisk was wholly owned by Western Digital Corporation ("Western Digital"), also a Delaware corporation. Sandisk was completely spun off from Western Digital as of February 24, 2025 ("Spin-Off Date") and has been a legally separate and independent entity since the Spin-Off Date. Western Digital continues to operate separately.

5. On information and belief, Defendant MonolithIC 3D Inc. is a corporation organized and existing under the laws of the State of Texas, with a principal place of business at 825 Watters Creek Boulevard, Building M, Suite 250, Allen, Texas 75013.

6. On information and belief, MonolithIC was originally incorporated in 2009 in California under the name "NuPGA Corporation," with its principal place of business at 3555 Woodford Drive, San Jose, California. In July 2010, the California NuPGA corporation was merged into a Texas NuPGA corporation, which subsequently changed its name to MonolithIC 3D Inc. On March 14,

COMPLAINT FOR DECLARATORY JUDGMENT

1

2011, MonolithIC registered as a foreign corporation with the California Secretary of State, designating 3555 Woodford Drive, San Jose, California 95124 as both its principal executive office and its principal office in the State of California, and designating a California-based agent for service of process.

## BACKGROUND

7.      Sandisk began in the late 1980s as a start-up in Silicon Valley; today, it is a multinational corporation with over 8,000 patents and approximately 11,000 employees. Sandisk designs, develops, and manufactures flash memory storage solutions, including solid-state drives ("SSDs"), memory cards for imaging, computing, mobile, and gaming devices, USB flash drives, and other flash-based memory products. For more than 35 years, Sandisk has been innovating, researching, designing, developing, and engineering flash memory storage solutions that have transformed and shaped the world in myriad ways.

8.      Sandisk's corporate headquarters in Milpitas houses approximately 1,750 employees—more than any other Sandisk office in the United States—including Sandisk's corporate operations and a substantial portion of the company's research and development efforts.

9.      Sandisk co-develops 3D NAND flash memory technology (known as "BiCS Flash") through a joint venture with KIOXIA Corporation ("KIOXIA"). Sandisk and KIOXIA jointly develop and manufacture 3D NAND flash memory dies at fabrication facilities in Yokkaichi and Kitakami, Japan.

10.      On information and belief, MonolithIC is a non-practicing entity that does not manufacture, sell, or use any products that practice the Asserted Patents. MonolithIC was founded in 2009 under the name "NuPGA" by Zvi Or-Bach. On information and belief, MonolithIC's business model consists principally of acquiring and asserting patents against operating companies.

11.      On May 11, 2026, MonolithIC filed a patent infringement complaint against Western Digital Corporation and Western Digital Technologies, Inc. in the United States District Court for the District of Delaware, Case No. 1:26-cv-00548-UNA (the "Delaware Action"), asserting the same thirteen Asserted Patents at issue in this case.

12.     In the Delaware Action, MonolithIC accuses Western Digital of infringing based on its manufacture and sale of all KIOXIA-branded SSD products comprising 3D NAND (BiCS Flash) as well as all Western Digital-branded SSDs—including the WD Black, WD Red, WD Green, WD Gold, and WD Blue product lines ("Accused Products"). These products incorporate 3D NAND flash memory dies that are co-developed by Sandisk and KIOXIA through their joint venture.

13.     Even before the Spin-Off Date, the Accused Products were designed, manufactured, and sold by the business today known as Sandisk. Since the Spin-Off Date, Sandisk owns and has owned, manufactures (with KIOXIA), and sells all of the Accused Products, and Western Digital no longer owns, manufactures, or sells the Accused Products. And Sandisk has assumed any liability that would otherwise be attributable to Western Digital in the Delaware Action for the 3D NAND flash products that are accused in that case.

14.     MonolithIC's infringement allegations in the Delaware Action are directed at 3D NAND flash memory technology whose design and development has at all relevant times been over-seen by the business today known as Sandisk at its headquarters in Milpitas, California, in its joint venture with KIOXIA. MonolithIC has thus directed its patent enforcement campaign at technology originating from this District, creating foreseeable effects in California by threatening the core busi-ness operations of a California-headquartered company.

15.     Western Digital notified Sandisk of the Delaware Action asserting the Asserted Patents and targeting the Accused Products.

16.     MonolithIC's existing lawsuit against Sandisk's former corporate parent, together with MonolithIC's assertion of patents directed at technology that the business today known as Sandisk has designed, manufactured, and sold both before and after the Spin-Off Date, make it highly likely that MonolithIC will sue Sandisk for patent infringement of the Asserted Patents or that Sandisk will be implicated in the Delaware Action against Western Digital.

17.     Because Sandisk contends that it has the right to engage in its business activities with-out a license from MonolithIC, and that the Accused Products do not infringe the Asserted Patents, there is a substantial, justiciable controversy between Sandisk and MonolithIC sufficient to warrant a declaratory judgment of the parties' respective rights and duties.

COMPLAINT FOR DECLARATORY JUDGMENT

18.    These circumstances also create a threat of actual and imminent injury to Sandisk that can be redressed by judicial relief. The injury to Sandisk includes uncertainty as to whether the development, use, and sale of Sandisk's products will be free from infringement claims based on each of the Asserted Patents. Consequently, the injury is sufficiently immediate and irreparable to warrant the issuance of a declaratory judgment.

## JURISDICTION AND VENUE

19.    This is an action for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202.

20.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act. This Court has subject-matter jurisdiction over Sandisk's declaratory judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Sandisk and MonolithIC with respect to whether the Asserted Patents cover Sandisk's activities.

21.    This Court has personal jurisdiction over MonolithIC because MonolithIC has purposefully availed itself of the privileges of conducting activities in California and this District. MonolithIC was originally incorporated in California under the name NuPGA Corporation, with its principal place of business in San Jose, California. After reincorporating in Texas, MonolithIC registered as a foreign corporation with the California Secretary of State on March 14, 2011, designating its principal executive office and its principal California office at 3555 Woodford Drive, San Jose, California 95124, and designating a California-based agent for service of process. On information and belief, MonolithIC's President and CEO, Zvi Or-Bach, who founded MonolithIC and directs its patent enforcement activities, continues to reside and operate from San Jose, California, within this District. MonolithIC has asserted its patents against Western Digital, which is headquartered in San Jose, California, and against products that are designed and manufactured by Sandisk in Milpitas, California. MonolithIC has also asserted some of the Asserted Patents against other California-headquartered companies, including NVIDIA Corporation, demonstrating a pattern of directing patent enforcement activity toward companies operating in this state. The accused products at issue in MonolithIC's campaign are designed and developed by Sandisk at its Milpitas, California headquarters. MonolithIC has

COMPLAINT FOR DECLARATORY JUDGMENT

4

thus purposefully availed itself of the privileges of conducting activities within California, creating continuing obligations in California and directing activities at residents of California, consistent with the California long-arm statute (Cal. Code Civ. Proc. § 410.10) and federal Constitutional notions of fair play and substantial justice.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue occurred in this District and MonolithIC is subject to personal jurisdiction within this District. Sandisk designs, develops, and manufactures the accused 3D NAND flash memory products in this District. Moreover, three of the named inventors on the Asserted Patents, Zvi Or-Bach, Deepak C. Sekar, and Jin-Woo Han, reside in California, and relevant witnesses and documentary evidence are located in this District.

## DIVISIONAL ASSIGNMENT

23. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), this patent action may be assigned throughout the District.

## CLAIMS FOR RELIEF

## COUNT I

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,342,214**

24. Sandisk restates each of the allegations in paragraphs 1-23.

25. U.S. Patent No. 11,342,214 (the "'214 Patent") is titled "Methods for Producing a 3D Semiconductor Memory Device and Structure" and states on its face that it was issued on May 24, 2022. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

26. MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '214 Patent.

27. A copy of the '214 Patent is attached as Exhibit A.

28. Sandisk has not infringed and does not infringe any claim of the '214 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

29. For example, and without limitation, the claims of the '214 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite a method comprising, inter alia, "forming a first

metal layer and a second metal layer, wherein said first level comprises said plurality of first transistors, said first metal layer, and said second metal layer; forming at least one second level disposed above said second metal layer; … forming at least one third level above said at least one second level." *See* '214 Patent, claim 1. No Accused Product or service meets or embodies these limitations at least because they do not have layers formed using the method required by the claims.

30.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '214 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

31.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '214 Patent, either literally or under the Doctrine of Equivalents.

**COUNT II**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,610,802**

32.    Sandisk restates each of the allegations in paragraphs 1-23.

33.    U.S. Patent No. 11,610,802 (the "'802 Patent") is titled "Method for Producing a 3D Semiconductor Device and Structure with Single Crystal Transistors and Metal Gate Electrodes" and states on its face that it was issued on March 21, 2023. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

34.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '802 Patent.

35.    A copy of the '802 Patent is attached as Exhibit B.

36.    Sandisk has not infringed and does not infringe any claim of the '802 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

37.    For example, and without limitation, the claims of the '802 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 8) recite a method comprising, inter alia, "forming peripheral circuitry in and/or on said first level … forming a first metal layer on top of said first level;

COMPLAINT FOR DECLARATORY JUDGMENT

forming a second metal layer on top of said first metal layer; forming at least one second level disposed on top of or above said second metal layer; … forming at least one third level disposed on top of or above said at least one second level." *See* '802 Patent, claim 8. No Accused Product meets or embodies these limitations at least because they do not have layers formed using the method required by the claims.

38.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '802 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

39.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '802 Patent, either literally or under the Doctrine of Equivalents.

## COUNT III

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,862,503**

40.    Sandisk restates each of the allegations in paragraphs 1-23.

41.    U.S. Patent No. 11,862,503 (the "'503 Patent") is titled "Method for Producing a 3D Semiconductor Device and Structure with Memory Cells and Multiple Metal Layers" and states on its face that it was issued on January 2, 2024. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

42.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '503 Patent.

43.    A copy of the '503 Patent is attached as Exhibit C.

44.    Sandisk has not infringed and does not infringe any claim of the '503 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

45.    For example, and without limitation, the claims of the '503 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite a method comprising, inter alia, "forming a first metal layer on top of said first level; forming a second metal layer on top of said first metal layer;

COMPLAINT FOR DECLARATORY JUDGMENT

forming at least one second level disposed on top of or above said second metal layer; … forming at least one third level disposed on top of or above said at least one second level." *See* '503 Patent, claim 1. No Accused Product or service meets or embodies these limitations at least because they do not have layers formed using the method required by the claims.

46.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '503 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

47.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '503 Patent, either literally or under the Doctrine of Equivalents.

## COUNT IV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,804,396

48.    Sandisk restates each of the allegations in paragraphs 1-23.

49.    U.S. Patent No. 11,804,396 (the "'396 Patent") is titled "Methods for Producing a 3D Semiconductor Device and Structure with Memory Cells and Multiple Metal Layers" and states on its face that it was issued on October 31, 2023. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

50.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '396 Patent.

51.    A copy of the '396 Patent is attached as Exhibit D.

52.    Sandisk has not infringed and does not infringe any claim of the '396 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

53.    For example, and without limitation, the claims of the '396 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite a method comprising, inter alia, "forming a first metal layer on top of said first level; forming a second metal layer on top of said first metal layer; forming at least one second level disposed on top of or above said second metal layer; … forming at

COMPLAINT FOR DECLARATORY JUDGMENT

8

least one third level disposed on top of or above said at least one second level; … and forming at least four independent memory arrays." *See* '396 Patent, claim 1. No Accused Product or service meets or embodies these limitations at least because they do not have layers formed using the method required by the claims.

54. Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '396 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

55. Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '396 Patent, either literally or under the Doctrine of Equivalents.

### COUNT V

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,564,006

56. Sandisk restates each of the allegations in paragraphs 1-23.

57. U.S. Patent No. 12,564,006 (the "'006 Patent") is titled "3D Semiconductor Device and Structure with Memory Cells and Multiple Metal Layers" and states on its face that it was issued on February 24, 2026. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

58. MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '006 Patent.

59. A copy of the '006 Patent is attached as Exhibit E.

60. Sandisk has not infringed and does not infringe any claim of the '006 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

61. For example, and without limitation, the claims of the '006 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite "a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; a fourth level comprising a plurality of fourth

COMPLAINT FOR DECLARATORY JUDGMENT

transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells … wherein said fourth level comprises a plurality of second memory cells." *See* '006 Patent, claim 1. No Accused Product or service meets or embodies this limitation at least because they do not satisfy the claimed level structure as required by the claims.

62.     Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '006 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

63.     Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '006 Patent, either literally or under the Doctrine of Equivalents.

### COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,225,737

64.     Sandisk restates each of the allegations in paragraphs 1-23.

65.     U.S. Patent No. 12,225,737 (the "'737 Patent") is titled "Method for Producing 3D Semiconductor Devices and Structures with Transistors and Memory Cells" and states on its face that it was issued on February 11, 2025. Its named inventors are Zvi Or-Bach and Deepak C. Sekar.

66.     MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '737 Patent.

67.     A copy of the '737 Patent is attached as Exhibit F.

68.     Sandisk has not infringed and does not infringe any claim of the '737 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

69.     For example, and without limitation, the claims of the '737 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite, inter alia, "forming at least one second level disposed above said memory control circuits; performing a first etch step into said second level; forming at least one third level disposed on top of said second level; … and performing bonding of said first level to said second level, wherein said bonding comprises oxide to oxide bonding." *See*

'737 Patent, claim 1. No Accused Product or service meets or embodies this limitation at least because they do not have levels formed and bonded using the method required by the claims.

70.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '737 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

71.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '737 Patent, either literally or under the Doctrine of Equivalents.

## COUNT VII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,464,734

72.    Sandisk restates each of the allegations in paragraphs 1-23.

73.    U.S. Patent No. 12,464,734 (the "'734 Patent") is titled "Method for Producing 3D Semiconductor Devices and Structures with Transistors and Memory Cells" and states on its face that it was issued on November 4, 2025. Its named inventors are Zvi Or-Bach and Deepak C. Sekar.

74.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '734 Patent.

75.    A copy of the '734 Patent is attached as Exhibit G.

76.    Sandisk has not infringed and does not infringe any claim of the '734 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

77.    For example, and without limitation, the claims of the '734 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite, inter alia, "performing bonding of said first level to said second level, wherein said third level is disposed above said second level, and wherein said first level comprises control of power delivery to said at least one third transistor." *See* '734 Patent, claim 1. No Accused Product or service meets or embodies this limitation at least because they do not have levels formed and bonded using the method required by the claims.

COMPLAINT FOR DECLARATORY JUDGMENT

78. Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '734 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

79. Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '734 Patent, either literally or under the Doctrine of Equivalents.

## COUNT VIII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,476,181

80. Sandisk restates each of the allegations in paragraphs 1-23.

81. U.S. Patent No. 11,476,181 (the "'181 Patent") is titled "3D Semiconductor Device and Structure with Metal Layers" and states on its face that it was issued on October 18, 2022. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

82. MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '181 Patent.

83. A copy of the '181 Patent is attached as Exhibit H.

84. Sandisk has not infringed and does not infringe any claim of the '181 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

85. For example, and without limitation, the claims of the '181 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 4) recite "a connective path between said fourth metal layer and said third metal layer or said second metal layer, wherein said connective path comprises a via disposed through said second level, wherein said via has a diameter of less than 500 nm and greater than 5 nm, wherein at least one of said plurality of second transistors is vertically oriented, and wherein said third metal layer is connected to provide a power or a ground signal to at least one of said plurality of second transistors." *See* '181 Patent, claim 4. No Accused Product or service meets or embodies these limitations at least because they do not satisfy the claimed layer structure required by the claims.

86.     Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '181 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

87.     Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '181 Patent, either literally or under the Doctrine of Equivalents.

## COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,594,473

88.     Sandisk restates each of the allegations in paragraphs 1-23.

89.     U.S. Patent No. 11,594,473 (the "'473 Patent") is titled "3D Semiconductor Device and Structure with Metal Layers and a Connective Path" and states on its face that it was issued on February 28, 2023. Its named inventors are Zvi Or-Bach, Deepak C. Sekar, and Brian Cronquist.

90.     MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '473 Patent.

91.     A copy of the '473 Patent is attached as Exhibit I.

92.     Sandisk has not infringed and does not infringe any claim of the '473 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

93.     For example, and without limitation, the claims of the '473 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 13) recite "a connective path between said fourth metal layer and either said third metal layer or said second metal layer, wherein said connective path comprises a via disposed through said second level, wherein said via has a diameter of less than 800 nm and greater than 5 nm, . . . wherein at least one of said plurality of second transistors comprises a metal gate; and an overall chip power-grid structure, wherein said overall chip power-grid structure comprises said fourth metal layer." *See* '473 Patent, claim 13. No Accused Product or service meets or embodies these limitations at least because they do not satisfy the claimed layer structure required by the claims.

COMPLAINT FOR DECLARATORY JUDGMENT

94.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '473 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

95.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '473 Patent, either literally or under the Doctrine of Equivalents.

<u>**COUNT X**</u>

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,621,240**

96.    Sandisk restates each of the allegations in paragraphs 1-23.

97.    U.S. Patent No. 11,621,240 (the "'240 Patent") is titled "3D Memory Devices and Structures with Control Circuits" and states on its face that it was issued on April 4, 2023. Its named inventors are Zvi Or-Bach, Jin-Woo Han, and Brian Cronquist.

98.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '240 Patent.

99.    A copy of the '240 Patent is attached as Exhibit J.

100.    Sandisk has not infringed and does not infringe any claim of the '240 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

101.    For example, and without limitation, the claims of the '240 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite "a first level comprising control circuits, wherein said control circuits comprise a plurality of first transistors and a plurality of metal layers; a memory level disposed on top of said first level, wherein said memory level comprises an array of memory cells, wherein each of said memory cells comprise at least one second transistor, wherein said control circuits control said array of memory cells, wherein said first level is bonded to said memory level, wherein said bonded comprises oxide to oxide bonding regions and a plurality of metal to metal bonding regions, and wherein at least one of said memory cells is disposed directly above at least one of said plurality of metal to metal bonding regions." *See* '240 Patent, claim 1. No Accused Product

or service meets or embodies this limitation at least because they do not satisfy the claimed level structure required by the claims.

102.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '240 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

103.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '240 Patent, either literally or under the Doctrine of Equivalents.

## COUNT XI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,250,830

104.    Sandisk restates each of the allegations in paragraphs 1-23.

105.    U.S. Patent No. 12,250,830 (the "'830 Patent") is titled "3D Semiconductor Memory Devices and Structures" and states on its face that it was issued on March 11, 2025. Its named inventors are Zvi Or-Bach and Jin-Woo Han.

106.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '830 Patent.

107.    A copy of the '830 Patent is attached as Exhibit K.

108.    Sandisk has not infringed and does not infringe any claim of the '830 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

109.    For example, and without limitation, the claims of the '830 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite "a first level comprising a first single crystal layer and a memory control circuit, said memory control circuit comprising a plurality of first transistors; a first metal layer overlaying said first single crystal layer; a second metal layer overlaying said first metal layer; a plurality of second transistors disposed atop said second metal layer; a third metal layer disposed atop said plurality of second transistors; and a memory array comprising word-lines and memory cells, wherein said memory array comprises at least four memory mini arrays, wherein at

least one of said plurality of second transistors comprises a metal gate, wherein each of said memory cells comprises at least one of said plurality of second transistors, wherein said memory control circuit comprises at least one Look Up Table circuit ("LUT"), and wherein said device comprises a hybrid bonding layer." *See* '830 Patent, claim 1. No Accused Product or service meets or embodies this limitation at least because they do not satisfy the claimed layer structure as required by the claims.

110.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '830 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

111.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '830 Patent, either literally or under the Doctrine of Equivalents.

### COUNT XII

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,362,330**

112.    Sandisk restates each of the allegations in paragraphs 1-23.

113.    U.S. Patent No. 12,362,330 (the "'330 Patent") is titled "3D Semiconductor Device and Structure with Connection Paths" and states on its face that it was issued on July 15, 2025. Its named inventors are Zvi Or-Bach and Brian Cronquist.

114.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '330 Patent.

115.    A copy of the '330 Patent is attached as Exhibit L.

116.    Sandisk has not infringed and does not infringe any claim of the '330 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

117.    For example, and without limitation, the claims of the '330 Patent asserted by MonolithIC in the Delaware Action (e.g., claim 1) recite "a first level, wherein said first level comprises a first layer, said first layer comprising first transistors, and wherein said first level comprises a second layer, said second layer comprising first interconnections; a second level overlaying said first level,

wherein said second level comprises a plurality of second transistors, wherein said second level comprises a third layer, said third layer comprising first conductive lines; a third level overlaying said second level, wherein said third level comprises a plurality of third transistors, wherein said third level comprises a fourth layer, said fourth layer comprising second conductive lines; … and wherein said first level comprises at least one voltage regulator." *See* '330 Patent, claim 1. No Accused Product or service meets or embodies these limitations at least because they do not satisfy the claimed level structure as required by the claims.

118.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '330 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

119.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '330 Patent, either literally or under the Doctrine of Equivalents.

### COUNT XIII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,400,961

120.    Sandisk restates each of the allegations in paragraphs 1-23.

121.    U.S. Patent No. 12,400,961 (the "'961 Patent") is titled "3D Semiconductor Device and Structure with Metal Layers" and states on its face that it was issued on August 26, 2025. Its named inventors are Zvi Or-Bach and Brian Cronquist.

122.    MonolithIC claims to be the current owner by assignment of all right, title, and interest in the '961 Patent.

123.    A copy of the '961 Patent is attached as Exhibit M.

124.    Sandisk has not infringed and does not infringe any claim of the '961 Patent either directly or indirectly, literally or under the doctrine of equivalents, as shown in the non-limiting examples below.

COMPLAINT FOR DECLARATORY JUDGMENT

125.    For example, and without limitation, the claims of the '961 Patent asserted by Mono-lithIC in the Delaware Action (e.g., claim 1) recite "a first level comprising: a first silicon layer comprising a first single crystal silicon layer; a plurality of first transistors each comprising a single-crystal channel; a first metal layer connected to said plurality of first transistors; a second metal layer connected to said first metal layer; a third metal layer connected to said second metal layer; a second level comprising a plurality of second transistors, said second level is disposed over said first level; a third level comprising a plurality of third transistors, said third level is disposed over said second level; a fourth metal layer disposed over said third level; a fifth metal layer disposed over said fourth metal layer; and a via disposed through said second level, wherein at least one of said plurality of second transistors comprises a metal gate, wherein said device comprises at least one temperature sensor, and wherein at least one element within at least one of said plurality of second transistors has been processed independently of said plurality of third transistors." *See* '961 Patent, claim 1. No Accused Product or service meets or embodies these limitations at least because they do not satisfy the claimed level structure as required by the claims.

126.    Thus, and as set forth above, an actual controversy exists between Sandisk on the one hand and MonolithIC on the other hand with respect to alleged infringement of the '961 Patent, and this controversy is likely to continue. Accordingly, a judicial declaration concerning these matters is necessary and appropriate at this time so that Sandisk can ascertain its rights and duties with regard to designing, developing, manufacturing, marketing, and selling its products.

127.    Sandisk is entitled to a declaratory judgment that the Accused Products do not directly or indirectly infringe the '961 Patent, either literally or under the Doctrine of Equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Sandisk respectfully prays that judgment be entered in its favor and requests:

1.    A judgment and declaration that Sandisk has not infringed and does not infringe in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and has not

COMPLAINT FOR DECLARATORY JUDGMENT

otherwise infringed or violated any rights of MonolithIC and its affiliates, subsidiaries, assigns, employees, or agents, including by Sandisk making, using, offering to sell, or selling the Accused Products (or components thereof) that MonolithIC has accused of infringement in its lawsuit against Western Digital, namely the SSDs, memory cards, USB flash drives, and all other products containing 3D NAND flash memory, and all versions and variations thereof;

2.     A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Sandisk to an award of its reasonable attorneys' fees, expenses, and costs in this action;

3.     An award to Sandisk of its costs and reasonable expenses to the fullest extent permitted by law; and

4.     An award of such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Sandisk respectfully demands a jury trial in this action on all issues so triable.

Dated: June 11, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ Douglas E. Lumish*

Douglas E. Lumish (SBN 183863)
Gabriel S. Gross (SBN 254672)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
doug.lumish@weil.com
gabe.gross@weil.com

Joseph H. Lee (SBN 248046)
WEIL, GOTSHAL & MANGES LLP
1999 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067
Tel: (213) 667-5100
Fax: (213) 667-5111
joseph.lee@weil.com

Christopher W. Henry
(*pro hac vice* forthcoming)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, 34th Floor
Boston, Massachusetts 02110
Tel: (617) 772-8300
Fax: (617) 772-8333
chris.henry@weil.com

Vanessa K. Sim (SBN 341107)
WEIL, GOTSHAL & MANGES LLP
600 Montgomery Street, 32nd Floor
San Francisco, CA 94111
Tel: (415) 470-5151
Fax: (415) 470-5155
vanessa.sim@weil.com

*Attorneys for Sandisk Corporation*

COMPLAINT FOR DECLARATORY JUDGMENT