UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORPORATION,<br>Plaintiff,<br>v.<br>MONOLITHIC 3D INC.,<br>Defendant. | Case No. 26-cv-05641-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 24 |

MonolithIC's motion to dismiss is granted. This ruling assumes that the reader is familiar with the facts, the applicable law, and the arguments made by the parties.

1. Under existing Federal Circuit case law, it's unlikely that this Court has personal jurisdiction over MonolithIC. To establish specific jurisdiction, Sandisk must show that MonolithIC purposefully directed enforcement or defense activities related to the patents-in-suit toward California. *See Twitter, Inc. v. VoIP-Pal.com, Inc.*, 2021 WL 5085959, at *11–12 (N.D. Cal. Nov. 2, 2021). But many of the jurisdictional facts alleged by Sandisk, such as the location of MonolithIC offices and employees, do not "relate in some material way to the enforcement or the defense of the patent[s]" and are thus not relevant to the specific jurisdiction inquiry. *Avocent Huntsville Corp. v. Aten International Co., Ltd.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008). And MonolithIC's patent enforcement activities in other states do not subject it to specific jurisdiction here. *See id.* at 1339; *SnapPower v. Lighting Defense Group*, 100 F.4th 1371, 1376 (Fed. Cir. 2024). Finally, that MonolithIC has hired a lawyer in California could be relevant, but does not establish specific jurisdiction absent some other enforcement-related activity in this forum. *See MG Freesites Ltd. v. DISH Technologies LLC*, 712 F. Supp. 3d 1318, 1332–33 (N.D. Cal. 2024).

2. Even if Sandisk could establish personal jurisdiction, dismissal would still be proper because of the earlier-filed Delaware action. Sandisk brought the present action one month after MonolithIC filed a lawsuit asserting the same patents against Western Digital Corporation in the District of Delaware. MonolithIC then amended its complaint in the Delaware action to add Sandisk as a defendant. But all parties agree that MonolithIC should have named Sandisk from the start, since Sandisk owns and has assumed liability for the allegedly-infringing products. *See* Compl. ¶¶ 11–14. Thus, as MonolithIC seems to have made a "mistake concerning identity," its amendment naming Sandisk likely relates back to the earlier filing date in the Delaware action—and therefore predates Sandisk's action here. *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1202 (9th Cir. 2014). Further, even if the present case were formally the first-filed action, the Court would exercise its "double dose" of discretion to decline to exercise jurisdiction over what is plainly an anticipatory declaratory judgment action. *Communications Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020). Sandisk was clearly aware of its proper role as defendant in the Delaware action from the start. It should litigate this dispute there.

Accordingly, MonolithIC's motion to dismiss is granted. Dismissal is without leave to amend, but without prejudice.

**IT IS SO ORDERED.**

Dated: November 4, 2026

VINCE CHHABRIA
United States District Judge